IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE NELSON PORTILLO DIAZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>  Plaintiff,<br><br>v.<br><br>JIAOTASIDI, LLC<br>d/b/a BASEBOWL<br>1201 Half Street SE<br>Washington, DC 20003<br><br>LEOPOLD LIAO<br>306 S Highland Street<br>Arlington, VA 22204<br><br>MING YU<br>9505 Lehr Court<br>Manassas, VA 20110<br><br>  Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked at Defendants' restaurant, Defendants paid Plaintiff a semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action against Jiaotasidi, LLC, Leopold Liao, and Ming Yu ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a majority of Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Jose Nelson Portillo Diaz is an adult resident of the District of Columbia.

6. Defendant Jiaotasidi, LLC is a District of Columbia limited liability company. It does business as Basebowl. Its principal place of business is located at 1201 Half Street SE, Washington, DC 20003. Its registered agent for service of process is Leopold Liao, 1201 Half Street SE, Washington, DC 20003.

7. Defendant Leopold Liao is an adult resident of Virginia. He resides at 306 S Highland Street, Arlington, VA 22204. He is an owner and member of Defendant Jiaotasidi, LLC. He exercises control over the operations of Jiaotasidi, LLC — including its pay practices.

8. Defendant Ming Yu is an adult resident of Virginia. He resides at 9505 Lehr Court, Manassas, VA 20110. He is an owner and member of Defendant Jiaotasidi, LLC. He exercises control over the operations of Jiaotasidi, LLC — including its pay practices.

## Factual Allegations

9. Defendants own and operate the restaurant Basebowl, located at 1201 Half Street SE, Washington, DC 20003.

10. Plaintiff worked at Basebowl from approximately July 1, 2020 through approximately October 20, 2022 — with a leave of absence from approximately April 1, 2022 through approximately July 14, 2022.

11. Plaintiff worked at Basebowl as a kitchen laborer.

12. Plaintiff's job duties at Basebowl primarily consisted of washing dishes, preparing and cooking food, and cleaning the restaurant.

13. From approximately July 1, 2020 through approximately March 30, 2022, Plaintiff typically and customarily worked six days per week.

14. From approximately July 1, 2020 through approximately March 30, 2022, Plaintiff typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Hours Worked** |
|---|---|---|---|
| Monday | 10:00 a.m. | 9:00 p.m. | 11.0 |
| Tuesday | 10:00 a.m. | 9:00 p.m. | 11.0 |
| Wednesday | *off* | | |
| Thursday | 10:00 a.m. | 9:00 p.m. | 11.0 |
| Friday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Saturday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Sunday | 10:00 a.m. | 9:00 p.m. | 12.0 |
|  |  |  | **68.0 Hours** |

15. From approximately April 1, 2022 through approximately July 14, 2022, Plaintiff took a leave of absence and did not work.

16. From approximately July 15, 2022 through approximately October 20, 2022, Plaintiff typically and customarily worked five days per week.

17. From approximately July 15, 2022 through approximately October 20, 2022, Plaintiff typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Hours Worked** |
|---|---|---|---|
| Monday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Tuesday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Wednesday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Thursday | 10:00 a.m. | 10:00 p.m. | 12.0 |
| Friday | 10:00 a.m. | 11:00 p.m. | 13.0 |
| Saturday | *off* | | |
| Sunday | *off* | | |
|  |  |  | **61.0 Hours** |

3

18. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

19. From approximately July 1, 2020 through approximately March 30, 2022, Defendants paid Plaintiff either $1,200.00, $1,250.00, or $1,300.00 semimonthly.

    i. When Defendants paid Plaintiff $1,200.00 semimonthly, Plaintiff's effective hourly rate was $8.17.

    ii. When Defendants paid Plaintiff $1,250.00 semimonthly, Plaintiff's effective hourly rate was $8.48.

    iii. And, when Defendants paid Plaintiff $1,300.00 semimonthly, Plaintiff's effective hourly rate was $8.82.

20. After Plaintiff returned from his leave of absence, or from approximately July 15, 2022 through October 20, 2022, Defendants paid Plaintiff $1,500.00 semimonthly — or an effective hourly rate of $11.35.

21. At all relevant times, Defendants paid Plaintiff by check.

22. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

23. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

24. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

25. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

26. The District of Columbia has required employers to pay non-exempt employees at least $15.00 per hour from July 1, 2020 through June 30, 2021, $15.20 per hour from July 1, 2021 through June 30, 2022, and $16.10 per hour since July 1, 2022. D.C. Code § 32-1003(a).

27. At all relevant times, Defendants required Plaintiff to wear a uniform.

28. The District of Columbia requires employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to wash and maintain a uniform. *See* 7 DCMR § 908.1.

29. At all relevant times, Defendants required Plaintiff to wash and to maintain a uniform.

30. Because Defendants required Plaintiff to wash and maintain a uniform, Defendants were required to pay him an additional $0.10 per hour in minimum wages, for an additional maximum of $6.00 per week.

31. Defendants owe Plaintiff approximately $67,603.88 in unpaid minimum and overtime wages (excluding liquidated damages).

32. Defendants Leopold Liao and Ming Yu have each hired employees at Basebowl.

33. Defendants Leopold Liao and Ming Yu have each fired employees at Basebowl.

34. Defendant Leopold Liao hired Plaintiff.

35. Defendant Ming Yu fired Plaintiff.

36. Defendants Leopold Liao and Ming Yu each participated in setting Plaintiff's schedule.

37. Defendants Leopold Liao and Ming Yu each participated in setting Plaintiff's rate and manner of pay.

38. Defendants Leopold Liao and Ming Yu each supervised Plaintiff's work.

39. Defendants Leopold Liao and Ming Yu each had the authority to sign checks on behalf of Basebowl.

40. Defendants Leopold Liao and Ming Yu have each signed checks on behalf of Basebowl.

41. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

42. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

43. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

44. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

45. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

46. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

47. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

48. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

49. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

50. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, pork, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

53. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

54. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

55. Defendants' violations of the FLSA were willful.

56. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

59. The DCMWA has required that employers pay non-exempt employees at least $15.00 per hour from July 1, 2020 through June 30, 2021, $15.20 per hour from July 1, 2021 through June 30, 2022, and $16.10 per hour since July 1, 2022. D.C. Code § 32-1003(a).

60. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

61. D.C. law also requires employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to wash and maintain a uniform. *See* 7 DCMR § 908.2 62.

62. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

63. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

64. Defendants' violations of the DCMWA were willful.

65. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

66. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

67. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

68. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

69. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

70. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

71. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

72. Defendants' violations of the DCWPCL were willful.

73. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$274,450.82**, and grant the following relief:

    a. Award Plaintiff $270,415.52, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

      c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,633.30);

      d.      Award Plaintiff court costs (currently, $402.00); and

      e.      Award any additional relief the Court deems just.

November 17, 2022                          Respectfully submitted,

                                                 **DCWageLaw**

                                                 By: /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #986001
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com

                                                 *Counsel for Plaintiff*